### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | No. 1:23-cv-2715-DLF/1:23-cv-3276-DLF (consolidated) <br><br> Hon. Dabney L. Friedrich |
| AMERICAN CHEMISTRY COUNCIL <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | |

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiffs Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services (collectively, the "CIDA Plaintiffs"); Plaintiff American Chemistry Council ("ACC"); and Defendants United States Environmental Protection Agency and Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), by and through the undersigned counsel, hereby jointly move the Court to enter the attached proposed consent decree. In support of this motion, the CIDA Plaintiffs, ACC, and EPA (collectively, the "Parties") state as follows:

1. On September 18, 2023, the CIDA Plaintiffs filed a Toxic Substances Control Act ("TSCA") citizen suit under 15 U.S.C. § 2619(a)(2) alleging that EPA violated TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), by failing to perform its non-discretionary duties to timely complete risk evaluations for twenty-two chemicals, including di-isodecyl phthalate (DIDP) and di-isononyl phthalate (DINP) (claims 21 and 22 of the CIDA Complaint). *Cmty. In-Power and Dev. Ass'n Inc. v. EPA*, Case No. 1:23-cv-02715 (D.D.C.) (the "CIDA action").

2. On December 13, 2023, ACC filed a TSCA citizen suit under 15 U.S.C. § 2619(a)(2) that also alleged that EPA violated TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), by failing to perform its non-discretionary duties to timely complete risk evaluations for DIDP and DINP.

3. On January 17, 2024, the Court consolidated the actions.

4. The Parties reached agreement on a proposed consent decree, which was published on April 26, 2024 for public comment in the Federal Register, in accordance with the EPA Administrator's March 18, 2022 memorandum regarding "Consent Decrees and Settlement Agreements to resolve Environmental Claims Against the Agency." *Proposed Consent Decrees, Toxic Substances Control Act Suit*; 89 Fed. Reg. 32,424 (Apr. 26, 2024). The comment period closed on May 28, 2024, no adverse comments were received on this proposed consent decree, and the Administrator and the Department of Justice have determined not to withdraw or withhold consent to the proposed consent decree. The Parties, therefore, move for entry of the attached proposed consent decree. The attached proposed consent decree is materially consistent with the proposed consent decree that was published for notice and

comment and differs only insofar as it contains a minor modification of one of the proposed deadlines as described below.

     5.    "The 'generally applicable' standard for the review of a consent decree in the District of Columbia Circuit is whether the consent decree 'fairly and reasonably resolves the controversy in a manner consistent with the public interest.'" *United States v. Daimler AG*, No. CV 20-2564 (EGS), 2021 WL 878894, at *3 (D.D.C. Mar. 9, 2021) (quoting *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1206 n.1 (D.C. Cir. 2004)).  Here, the Court should enter the consent decree because it is fair, reasonable, in the public interest, and an appropriate resolution of claims 21 and 22 of the CIDA action and all of ACC's claims.  Each party was represented by separate counsel and engaged in arms-length negotiations.  The substantive provisions of the proposed consent decree merely set forth a reasonable schedule for EPA to complete its mandatory duties under 15 U.S.C. § 2605(b)(4)(G).  The proposed consent decree requires EPA to transmit a notice of availability of the final risk evaluation for DIDP to the Office of the Federal Register by no later than December 31, 2024 and the final risk evaluation for DINP by no later than January 15, 2025.[1]  The consent decree benefits the public by saving time and public resources and by resolving claims 21 and 22 of the CIDA action and all of the ACC action, without further litigation.[2]  The Court should therefore enter the attached consent decree.

     WHEREFORE, the Parties respectfully move the Court to enter the attached proposed consent decree.

---

[1] The proposed consent decree that was published for notice and comment proposed a December 31, 2024 deadline for the completion of the final risk evaluations for both DIDP and DINP.
[2] Although this proposed consent decree resolves claims 21 and 22 of the CIDA complaint, the CIDA Plaintiffs and EPA are resolving the CIDA Plaintiffs' remaining claims in a separate consent decree.

Dated: November 12, 2024

Respectfully submitted,

/s/ Lakendra S. Barajas
Lakendra S. Barajas (D.C. Bar ID NY0556)
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005
(212) 284-8025
lbarajas@earthjustice.org

Katherine K. O'Brien
(D.C. Bar ID. ME0003)
Earthjustice
P.O. Box 2297
South Portland, ME 04116
(212) 284-8036
kobrien@earthjustice.org

*Counsel for CIDA Plaintiffs*

/s/ Nessa Horewitch Coppinger
Nessa Horewitch Coppinger (D.C. Bar No. 477467)
Ryan J. Carra
(D.C. Bar No. 1006360, D.D.C. Application Pending)
Beveridge & Diamond, P.C.
1900 N Street, N.W., Suite 100
Washington, D.C. 20036
Telephone: (202) 789-6000
Email: ncoppinger@bdlaw.com
Email: rcarra@bdlaw.com

*Counsel for American Chemistry Council*

/s/ Sarah Izfar
Sarah Izfar
Trial Attorney (DC Bar #1017796)
United States Department of Justice
Environmental Defense Section

P.O. Box 7611 (regular mail)
150 M St., NE (overnight)
Washington, D.C. 20044
sarah.izfar@usdoj.gov
(202) 305-0490

*Counsel for Defendants*