UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOC. INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Defendants*. | Civil Action No.: 1:23-cv-02715-DLF |

**AMERICAN CHEMISTRY COUNCIL'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE ON BEHALF OF PLAINTIFFS COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC.,** *ET AL.*

Nessa Horewitch Coppinger (D.C. Bar No. 477467)
Ryan J. Carra (D.C. Bar No. 1006360, D.D.C. Application Pending)
Beveridge & Diamond
1900 N Street NW, Suite 100
Washington, DC 20036
Telephone: 202-789-6000
Email: ncoppinger@bdlaw.com
Email: rcarra@bdlaw.com

*Counsel for American Chemistry Council*

## INTRODUCTION

Plaintiffs, nonprofit organizations,[1] filed this suit alleging that the United States Environmental Protection Agency ("EPA") violated its statutory duty under the Toxic Substances Control Act, 15 U.S.C. §2601 *et seq.* ("TSCA") by failing to complete risk evaluations for twenty-two chemicals[2] by the statutory deadline. The American Chemistry Council ("ACC") High Phthalates Panel sent a notice of intent to sue to the EPA on September 19, 2023 regarding the same failure as to two of the chemicals Plaintiffs included in their Complaint. *See* ACC's Sept. 19, 2023 Notice of Intent to File Suit (attached hereto as Exhibit A). EPA's statutory deadline to complete a risk evaluation for those two chemicals is a result of manufacturer requests pursuant to TSCA section 6(b)(4)(C)(ii), 15 U.S.C. § 2605(b)(4)(C)(ii). ACC now seeks to intervene in this case to promote judicial economy and to ensure that its interests are represented in any resolution of EPA's failure to comply with its obligations under TSCA.

The Court should allow ACC to intervene in this action. ACC, on behalf of its members, requested two of the risk evaluations at issue in Plaintiffs' Complaint. Therefore, ACC has a unique interest in the order in which EPA completes the twenty-two overdue risk evaluations.[3]

---

[1] Plaintiffs in this action include Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services. Compl. ¶ 1, ECF No. 1.
[2] The twenty-two chemicals for which EPA's risk evaluations are overdue are: (1) 1,3-butadiene; (2) butyl benzyl phthalate; (3) dibutyl phthalate; (4) o-dichlorobenzene; (5) p-dichlorobenzene; (6) 1,1-dichloroethane; (7) 1,2-dichloroethane; (8) trans-1,2-dichloroethylene; (9) 1,2-dichloropropane; (10) dicyclohexyl phthalate; (11) di-ethylhexyl phthalate ("DEHP"); (12) di-isobutyl phthalate; (13) ethylene dibromide; (14) formaldehyde; (15) 1,3,4,6,7,8-hexahydro-4,6,6,7,8,8-hexamethylcyclopenta[g]-2-benzopyran ("HHCB"); (16) 4,4'-(1-methylethylidene)bis[2,6-dibromophenol] ("TBBPA"); (17) phosphoric acid, triphenyl ester ("TPP"); (18) phthalic anhydride; (19) 1,1,2-trichloroethane; (20) tris(2-chloroethyl) phosphate ("TCEP"); (21) di-isodecyl phthalate ("DIDP"); and (22) di-isononyl phthalate ("DINP"). *See* Compl. ¶5, ECF No. 1 (quotations omitted).
[3] In addition, ACC's members manufacture (including import) or process many of the twenty substances that are subject to EPA-initiated risk evaluations.

Plaintiffs cannot and do not represent ACC or manufacturers as to the chemicals for which ACC's members requested risk evaluations. ACC and its members also will be necessarily impacted by the Court's decision on whether EPA has violated TSCA by failing to meet its statutory deadline to complete risk evaluations for twenty other chemicals. Resolution of this case likely will require the Court to set a schedule for EPA to complete the many risk evaluations at issue. ACC has an interest in the order in which those risk evaluations are completed.

ACC has notified EPA of its intent to sue regarding the overdue manufacturer-requested risk evaluations ("MRREs").[4] *See* Exhibit A. ACC plainly has standing to bring such a suit as the representative of the manufacturers with the statutory right, which they exercised, to request that EPA conduct risk evaluations for the chemicals they manufacture. ACC is entitled to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure ("Rule 24") to enforce the statutory deadline to complete the MRREs for di-isononyl phthalate ("DINP") and di-isodecyl phthalate ("DIDP") as well as the other statutory deadlines that are the subject of Plaintiffs' action because of their impact on the deadline to complete the DINP and DIDP MRREs. Alternatively, the Court should grant ACC permissive intervention under Rule 24(b)(1).

ACC has attempted to confer with the parties pursuant to Local Civil Rule 7(m). Plaintiffs indicated they reserve their position until they see ACC's motion. Because counsel for Defendants has not yet entered an appearance, ACC was not able to confer with Defendants.

---

[4] ACC sent its letter by certified mail on September 19, 2023. Due to delays by the United States Postal Service, the letter was not delivered until October 6, 2023. Therefore, the 60-day period for ACC's notice to EPA will elapse on December 5, 2023 – approximately two weeks after Federal Defendants must respond to the Complaint.

3

**BACKGROUND**

TSCA is a chemicals management law under which EPA regulates chemicals in commerce. Among other things, TSCA requires EPA to conduct risk evaluations to determine whether a chemical substance presents an unreasonable risk of injury to human health or the environment. 15 U.S.C. § 2605(b)(4)(A), § 2605(b)(4)(A). TSCA section 6(b)(4)(C)(ii) authorizes chemical manufacturers to request that EPA conduct a risk evaluation for a chemical substance they manufacture using the procedures set forth in 40 C.F.R. § 702.37. 15 U.S.C. § 2605(b)(4)(C)(ii). Regardless of whether a risk evaluation is originated by EPA or requested by a manufacturer, EPA is required to complete a risk evaluation within three years and six months from the date EPA initiates the risk evaluation. *Id.* at § 2605(b)(4)(G).

ACC is a trade association representing leading companies engaged in the multibillion-dollar business of chemistry. ACC members manufacture (including import) and process some of the high-priority substances that have been identified by EPA for risk evaluation under TSCA. Moreover, ACC's High Phthalates Panel submitted, on behalf of members, two MRREs pursuant to section 6(b)(4)(C)(ii) of TSCA, 15 U.S.C. § 2605(b)(4)(C)(ii), and in accordance with the procedures set forth in 40 C.F.R. § 702.37. EPA received those requests to conduct a risk evaluation for DINP and DIDP on May 24, 2019 and granted them on December 2, 2019. *See* 86 Fed. Reg. 48693 (Aug. 31, 2021); 86 Fed. Reg. 48695 (Aug. 31, 2021); *see also* List of *Manufacturer – Requested Risk Evaluations Under TSCA Section 6*, U.S. Environmental Protection Agency, https://www.epa.gov/assessing-and-managing-chemicals-under-tsca/list-manufacturer-requested-risk-evaluations-under-tsca (last updated April 11, 2023). EPA was required to complete MRREs for DINP and DIDP by TSCA's mandatory deadline of three years and six months from January 2, 2020, the date it initiated the risk evaluations, or by July 2, 2023.

Compl. §§ 35-38, 41, ECF No, 1; 15 U.S.C. § 2605(b)(4)(G).  However, as explained in the Complaint, EPA has not taken any actions toward completing the risk evaluations for these chemicals – EPA never published draft risk evaluations, which are required to undergo a 60-day public comment period.  Compl. §§ 39-43, ECF No. 1; 40 C.F.R. § 702.49.

As a result of EPA's failure to take any steps to complete the MRREs for DINP and DIDP, on September 19, 2023, ACC sent a notice of intent to file suit to compel EPA to complete the two risk evaluations it requested.  *See* Exhibit A.  Plaintiffs also sent a notice letter to EPA regarding the same substances, plus twenty additional chemical risk evaluations initiated by EPA.  Plaintiffs now request the Court to order EPA to complete all twenty-two risk evaluations by the earliest practicable date.  Compl. at 44 (Prayer for Relief, § B).

## ARGUMENT

ACC seeks to intervene in this case because it has a direct and substantial interest in the litigation that cannot be adequately represented by any party.  As the party initiating the MRREs, ACC is uniquely situated to represent the interests of the manufacturers of DINP and DIDP in this deadline suit.  In addition, ACC has an interest in deadlines for all the overdue risk evaluations because resolution of the Complaint necessarily requires determining the sequence in which EPA will address those evaluations.  ACC satisfies both the Court's standard for intervention and the standing requirements for intervention (to the extent standing is required).

**I.     ACC is Entitled to Intervene as of Right.**

Rule 24 governs intervention as of right, requiring the Court "on timely motion" to "permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties

5

adequately represent that interest." Fed. Rule Civ. P. 24(a)(2).  Thus, to intervene as of right under Rule 24(a)(2), the intervenor must demonstrate four factors: (1) the timeliness of the motion; (2) an interest relating to the property or transaction which is the subject of the action; (3) that the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) that the applicant's interest is not adequately represented by existing parties.  *Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks and citations omitted).  ACC readily satisfies each of these factors.

Parties seeking to intervene under Rule 24(a) must also demonstrate standing under Article III of the Constitution.  *Crossroads Grassroots Policy Strategies v. FEC,* 788 F.3d 312, 316 (D.C. Cir. 2015).  To establish Article III standing, an intervenor, like any party, must show: (1) injury-in-fact, (2) causation, and (3) redressability.  *Fund for Animals, Inc.*, 322 F.3d at 732–33.  Generally, "the standing inquiry will fold into the underlying inquiry under Rule 24(a)." *WildEarth Guardians v. Salazar,* 272 F.R.D. 4, 13 n. 5 (D.D.C. 2010) ("intervenor [that] has a 'legally protected' interest under Rule 24(a) … will also meet constitutional standing requirements, and *vice versa*"); *see also Roeder v. Islamic Republic of Iran,* 333 F.3d 228, 233 (D.C. Cir. 2003) ("any person who satisfies Rule 24(a) will also meet Article III's standing requirement").  ACC has standing because it satisfies all four factors and is entitled to intervene as of right.

      **A.     ACC's motion to intervene is timely.**

Plaintiffs filed this case on September 18, 2023.  Defendants were served with the Complaint on October 11, 2023.  Little more than 30 days have passed since Plaintiffs filed this case and Defendants have not answered or otherwise responded to the Complaint.  Moreover, the Court has taken no action with respect to this case and has issued no substantive orders.  This

Court routinely finds that a motion to intervene under similar circumstances is timely. *See, e.g., Fund for Animals, Inc.*, 322 F.3d at 735 (motion timely filed "less than two months after the plaintiffs filed their complaint and before the defendants filed an answer"); *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 3 (D.D.C. 2017) (motion timely when filed "approximately sixteen weeks after the initial complaint was filed"); *Salazar*, 272 F.R.D. at 15 (motion timely filed before Defendants filed an answer the complaint and the action was in its early stages).

      **B.**      **ACC has a legally protected interest implicated by Plaintiffs' deadline suit.**

As the party initiating the MRREs for two of the chemicals for which EPA has failed to timely complete a risk evaluation, ACC has a unique interest implicated by Plaintiffs' suit to enforce compliance with a statutory deadline to perform a non-discretionary duty ("deadline suit"). Although intervention is generally disfavored in deadline suits, ACC moves to intervene in circumstances that are precisely where intervention in a deadline suit is appropriate. *See e.g., Sierra Club v. McCarthy*, 308 F.R.D. 9 (D.D.C. 2015); *In re ESA Section 4 Deadline Litig.*, 270 F.R.D. at 1, *aff'd,* 704 F.3d at 972. In a typical deadline suit, a plaintiff brings a claim against EPA for failure to perform a non-discretionary duty for which a statute sets a specific deadline. The plaintiff does not dictate the outcome of the action EPA must perform – the only remedy available is to require the agency to perform the action it has failed to timely complete.

If this case involved EPA's failure to conduct one risk evaluation, case law finding intervention not warranted, such as *Sierra Club v. McCarthy*, 308 F.R.D. 9 (D.D.C. 2015), might be apt. In this case, however, if the Court determines that EPA has failed to timely perform its non-discretionary duty to complete the risk evaluations, it must also set deadlines for EPA to complete not one, but twenty-two separate risk evaluations. ACC seeks to intervene not to influence the outcome of any risk evaluation, but to participate in the Court's resolution of the order in which EPA must perform the twenty-two outstanding risk evaluations. ACC's interest is

7

in the timing of the risk evaluations.  As the *Sierra Club* court said: "Timing is everything.  And in this case, it is the only thing."  *Id.* at 10.

### C. ACC's interests could be impaired or impeded by the disposition of this litigation.

The right of manufacturers to request risk evaluations for substances they manufacture was fundamental to the bipartisan effort to amend TSCA through the Frank R. Lautenberg Chemical Safety for the 21st Century Act ("Lautenberg Act"), Pub. L. No. 114-182, 130 Stat. 448 (2016).  By granting the MRREs for DINP and DIDP, EPA determined that it had "all of the information needed to conduct such risk evaluation[s] on the conditions of use that were the subject of the request[s]."  40 C.F.R. § 702.37(e)(6)(ii)(B).  The MRREs for DINP and DIDP are the first MRREs submitted to EPA under the Lautenberg Act, and ACC has an interest not shared by Plaintiffs in ensuring this provision is properly implemented.

ACC has an interest in any disposition of this case that sets the order in which the twenty-two risk evaluations are completed.  Specifically, ACC has an interest in the deadlines for EPA to complete the risk evaluations for DINP and DIDP – the two chemicals for which ACC submitted MRREs.  *See* 86 Fed. Reg. 48693 (Aug. 31, 2021); 86 Fed. Reg. 48695 (Aug. 31, 2021); Exhibit A.  Given the number of risk evaluations EPA must complete, ACC's interest in timely completion of the MRREs will be harmed if it cannot participate in discussions with the Court or between the parties regarding the sequencing of the risk evaluations.  While EPA must meet its statutory obligations to conduct risk evaluations for all twenty-two chemicals, if the MRRE substances were relegated to the end of the line, the promise of the Lautenberg Act to chemical manufacturers regarding MRREs would be significantly impaired.

### D. ACC's interests are not adequately represented by the existing parties.

ACC has particular and unique interests in ensuring that EPA timely completes the MRREs. Any resolution of the timing for EPA to complete the other twenty risk evaluations at issue necessarily affects and is intertwined with the timing of EPA's deadline to address the MRREs. It is only ACC that represents the interests of the manufacturers of DINP and DIDP as well as the twenty additional substances. Those interests may align with Plaintiffs in holding EPA accountable to comply with statutory obligations in general, but almost certainly do not align with respect to the priority to be afforded each overdue risk evaluation.

The burden to demonstrate the inadequacy of existing representation is low. It is enough that existing party representation "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (citation omitted); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (criterion is "not onerous"). Neither Plaintiffs nor Defendants represent the interests of the manufacturers that submitted the MRREs in protecting the integrity of the MRRE process and prioritizing deadlines for those evaluations.

### II. Alternatively, the Court Should Exercise its Discretion to Permit ACC to Intervene.

Alternately, ACC merits permissive intervention pursuant to Rule 24(b), which permits anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Rule 24(b) requires the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As explained above, this motion is timely and prejudices no party. The case is in its infancy, as Defendants have not been served and the Court has issued no substantive orders. ACC's intervention will not delay resolution of this case.

Moreover, there is no question that ACC's claims regarding its MRREs "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Specifically, ACC's

claims regarding EPA's failure to timely perform its non-discretionary duty to complete the risk evaluations for DIDP and DINP involve the same question of law raised by Plaintiffs. ACC has pending its own notice of intent to sue on EPA's failure to complete the DIDP and DINP risk evaluations. The Court should exercise its discretion to permit ACC to intervene to promote judicial economy. EPA's numerous failures to timely conduct risk evaluations as required under TSCA should be resolved in one action in which the Court can ensure a rational and fair series of deadlines is set for EPA to meet its statutory obligations.

## CONCLUSION

ACC is entitled to intervention as of right to protect its interests in the timely resolution of EPA's failure to complete risk evaluations for DINP and DIDP. ACC timely seeks intervention at the outset of the case and has articulated an interest that may be harmed if intervention is not granted, as its interest regarding the sequencing of deadlines for the risk evaluations is not otherwise adequately represented. Alternatively, the Court should exercise its discretion to permit ACC to intervene.

Dated: October 25, 2023                    Respectfully Submitted,

/s/ Nessa Horewitch Coppinger
Nessa Horewitch Coppinger (D.C. Bar No. 477467)
Ryan J. Carra
(D.C. Bar No. 1006360, D.D.C. Application Pending)
Beveridge & Diamond, P.C.
1900 N Street, N.W., Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Email: ncoppinger@bdlaw.com
Email: rcarra@bdlaw.com

*Counsel for American Chemistry Council*