IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASS'N., INC., et al., <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br>  Defendants, <br><br> and <br><br> HEXION INC. <br> 180 East Broad Street <br> Columbus, OH  43215, <br><br>  Defendant Intervenor- <br>  Movant. | Case No. 1:23-cv-02715-DLF <br><br> Hon. Dabney L. Friedrich <br><br> **HEXION INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE** |

Defendant Intervenor-Movant Hexion Inc. ("Hexion"), by and through its undersigned legal counsel, hereby submits this Reply in Support of its Motion for Leave to Intervene (ECF No. #26).  The CIDA Plaintiffs' Opposition (ECF No. 31) primarily attacks a "straw man" argument regarding the nature of Hexion's concern, which Hexion's Motion clearly identified as *procedural* and *informational* injuries due to the EPA's hurried TSCA risk evaluation of formaldehyde rather than the *substance* of EPA's evaluation.  The CIDA Plaintiffs also falsely argue that Hexion's "bid to inject issues into this proceeding concerning the substance of the forthcoming formaldehyde risk evaluation will unduly delay and prejudice the adjudication of Plaintiffs' claims."  ECF No. 31 at p. 3.

The EPA Defendants' Opposition (ECF No. 32) argues that Hexion has not established standing based on the standards for intervention *as of right* (rather than *permissive* intervention, which is what Hexion is seeking), makes the same misguided "straw man" argument as the

CIDA Plaintiffs, argues that Hexion's motion was untimely (notwithstanding the flexible standard for timeliness in *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001)), and argues that Hexion's intervention "may delay final implementation of the consent decree." *See* ECF No. 32 at p. 16. Neither Opposition presents any valid reason to deny Hexion's Motion for <u>permissive</u> intervention for the limited purpose of opposing the proposed consent decree's deadline of December 31, 2024 for finalization of the TSCA risk evaluation of formaldehyde.

### A.   Hexion's Concern Is With the *Time Needed* for a Proper Risk Evaluation of Formaldehyde, Not Its Substance.

As Hexion made very clear in its Motion to Intervene, Hexion's concern is that the proposed December 31, 2024 deadline "is unreasonably short and will not allow EPA to conduct a proper risk evaluation for formaldehyde in accordance with applicable TSCA standards" (ECF No. 26 at p. 2), <u>not</u> with "whether the substance of" the final risk evaluation for formaldehyde "will comply with various TSCA requirements when EPA publishes it in final form" as argued by the CIDA Plaintiffs. *See* ECF No. 31 at p. 2.[1]

This is a transparent attempt by the CIDA Plaintiffs to attack a "straw man" that Hexion never asserts, which the CIDA Plaintiffs then use to make several other inapposite arguments.

For example, the CIDA Plaintiffs next argue that substantive challenges to TSCA risk evaluations are subject to review under Section 19, 15 U.S.C. § 2618(a)(1)(A)-(B), which are within the Court of Appeals' exclusive jurisdiction. ECF No. 31 at pp. 4-5. Thus, so the argument goes, "this Court will not have jurisdiction to entertain the arguments Hexion seeks to raise in this proceeding." ECF No. 31 at p. 5.

---

[1] Hexion reserves its rights with respect to any substantive concerns it may have regarding the <u>final</u> TSCA risk evaluation for formaldehyde. As the EPA Defendants recognize, "[t]he formaldehyde final risk evaluation is not the subject of this litigation." ECF No. 32 at p. 9.

Once again, the CIDA Plaintiffs intentionally ignore the express language of Hexion's Motion to Intervene, and focus their attack on this convenient straw man instead. The TSCA standards cited in Hexion's Motion to Intervene (*see* ECF No. 26 at p. 13-14) relate to *procedural* requirements which EPA must follow in conducting risk evaluations under Section 6 of TSCA. If EPA fails to fulfill these procedural non-discretionary duties, Hexion would be entitled to bring a citizen suit under Section 20 of TSCA. As clearly explained in Hexion's Motion (ECF No. 26 at p. 14):

> EPA's failure to fulfill any of these mandatory non-discretionary duties under TSCA is exacerbated by the unreasonable time constraints that would be placed upon it by the proposed December 31, 2024 deadline. EPA's failures ultimately may become actionable by way of the citizen suit under Section 20 of TSCA "to compel the Administrator to perform any act or duty under this chapter which is not discretionary." 15 U.S.C. § 2619(a)(2).

And this Court certainly would have jurisdiction over such a Section 20 citizen suit action, just as it has jurisdiction over *CIDA Plaintiffs'* own Section 20 claims in this proceeding.[2]

### B. The CIDA Plaintiffs Mischaracterize the Standard for Permissive Intervention for a Limited Purpose.

Next, the CIDA Plaintiffs attempt to mislead the Court regarding the standard for permissive intervention for a limited purpose. They do this by selectively quoting from *In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 5 (D. D.C. 2010). However, they conveniently omit the opening phrase "To litigate a claim on the merits under Rule 24(b)(2)," which makes clear that this standard does *not* apply to an intervenor-movant who merely seeks to intervene for a limited purpose, such as to oppose a proposed consent decree. The complete quotation appears below:

---

[2] The EPA Defendants make the same misguided jurisdictional argument, based upon an what appears to be an intentional mischaracterization of Hexion's procedural concerns. *See* ECF No. 32 at p. 15.

3

> *To litigate a claim on the merits under Rule 24(b)(2)*, the prospective intervenor must demonstrate (1) an independent grounds for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action. *Equal Emp't Opportunity Comm'n v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046, 331 U.S. App. D.C. 101 (D.C. Cir. 1998).

*In re Endangered Species Act Section 4 Deadline Litig.*, 270 F.R.D. 1, 5 (D. D.C. 2010) (emphasis added). *See* ECF No. 31 at p. 2.

In fact, the D.C. Circuit made clear this distinction in *EEOC*: "[a]n independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for [a] limited purpose … because the third party does not ask the court to rule on the merits of a claim or defense. Because [the Intervenor] does not seek intervention to litigate a substantive claim, … the general requirement of an independent jurisdictional basis would not prevent the district court from granting her motion to intervene." 146 F.3d at 1047.

And contrary to the CIDA Plaintiffs' unsupported assertion that Hexion's intervention is *not* for a "limited purpose," ECF No. 31 at p. 3, numerous federal courts have recognized that intervention for the sole purpose of opposing a proposed consent decree is indeed a "limited purpose." *See, e.g., Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't*, 973 F.2d 18, 20 (1st Cir. 1992) ("The Federation … was allowed to intervene for the <u>limited purpose</u> of opposing the amendment to the consent decree"); *EEOC v. Pan American World Airways, Inc.*, 897 F.2d 1499, 1506 (9th Cir. 1989) (intervenors "were permitted to intervene for the <u>limited purpose</u> of challenging the consent decree"); *United States v. New York City Hous. Auth.*, 326 F.R.D. 411, 418 (S.D. N.Y. 2018) ("this Court exercises its informed discretion to grant permissive intervention for the <u>limited purpose</u> of opposing the Proposed Consent Decree."); *Lares v. Reliable Wholesale Lumber, Inc.*, Case No. 8:18-cv-0157, 2018 U.S. Dist. LEXIS 223962 *1, n. 1 (D. Cal. Oct. 18, 2018) ("The Court granted the United States leave to intervene for the <u>limited purpose</u> of addressing entry of the Consent Decree."); *Williams v. New*

*Orleans*, 543 F. Supp. 662, 670 (E.D. La. 1982) (intervenors were "permitted … to intervene for the <u>limited purpose</u> of challenging the lawfulness and fairness of the proposed consent decree") (emphases added to all).

Nonetheless, Hexion' Motion went to great lengths to specify the "independent statutory grounds for subject matter jurisdiction" by identifying the TSCA *procedural* requirements that could give rise to a Section 20 citizen suit for EPA's failure to fulfill its non-discretionary duties under the following sections of TSCA: 15 U.S.C. § 2625(i); 15 U.S.C. § 2605(b)(4)(F)(ii); 15 U.S.C. § 2605(b)(4)(F)(i); 15 U.S.C. § 2625(j)(4); 15 U.S.C. § 2625(h); 15 U.S.C. § 2608(b)(2); 15 U.S.C. § 2608(d).  *See* ECF No. 26 at pp. 13-14.  Consequently, the CIDA Plaintiffs' argument that "Hexion has not established an independent basis for subject matter jurisdiction" (ECF No. 31 at p. 3) is not well-taken for a variety of reasons.

**C.     The "Common Question of Law or Fact" is Obvious—The Appropriate Deadline for Finalization of the TSCA Risk Evaluation for Formaldehyde.**

The CIDA Plaintiffs contend Hexion failed to identify a "claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B).  Of course, Hexion is seeking to intervene for the limited purpose of challenging the proposed December 31, 2024 deadline for finalization of the TSCA risk evaluation for formaldehyde, not to litigate and an independent claim or defense.  *See Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967) ("Although the rule [Rule 24(b)] speaks in terms of a 'claim or defense' this is not interpreted strictly so as to preclude permissive intervention…. [I]ntervention has been allowed in situations where 'the existence of any nominate 'claim' or 'defense' is difficult to find.'").

Hexion's intervention presents an obvious "common question of law or fact," which the EPA Defendants had no difficulty in discerning from Hexion's Motion—namely, "the appropriate deadline for the risk evaluation" for formaldehyde.  *See* ECF No. 32 at p. 6.  Given

the limited purpose of Hexion's requested intervention, there could be no more obvious "common question."

> D. **Hexion is Not Required to Establish Standing in Order to Seek *Permissive* Intervention.**

Even while acknowledging that "[i]t remains … an open question in this circuit whether Article III standing is required for permissive intervention" (citing *Defs. of Wildlife v. Perciasepe*, 714 F.3d at 1327; *see* ECF No. 32 at p. 4), the EPA Defendants argue that "Hexion fails to show standing." *See* ECF No. 32 at p. 5. That is not a reason to deny Hexion permissive intervention under controlling case law. After all, Hexion is seeking permissive intervention solely for the limited purpose of opposing the proposed December 31, 2024 deadline for finalization of the TSCA risk evaluation for formaldehyde, not to assert an independent claim or defense in this action.

As the D.C. Circuit noted in *In re Vitamin Antitrust Class Actions*, 215 F.3d 26, 31-32 (D.C. Cir. 2000):

> there is uncertainty over whether standing is necessary for permissive intervention. … *National Children's Ctr.,* 146 F.3d at 1045-46 (noting that our circuit precedent avoids "strict readings of the phrase 'claim or defense,' allowing intervention even in 'situations where the existence of any nominate 'claim' or 'defense' is difficult to find.'" (*quoting Nuesse,* 385 F.2d at 704)).

Nonetheless, Hexion's Motion demonstrated "procedural" and/or "informational" injuries as a basis for its standing. *See* ECF No. 26 at pp. 20-21. "It is clear that an individual can enforce procedural rights, provided that the procedures sought to be enforced are designed to protect his interest." *Murray Energy Corp., et al., v. McCarthy*, No. 5:14-cv-00039 (N.D. W.V. Mem. Op. and Order Granting Summ. Jdgmt. for Pltfs. Oct. 17, 2016) (ECF No. 293, PageID 15337) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 n. 8 (1992)(emphasis added); *Massachusetts v. EPA*, 549 U.S. 497 (2007) ("a litigant to whom Congress has accorded a

6

procedural right to protect his concrete interests,—here, the right to challenge agency action unlawfully withheld—can assert that right <u>without meeting all the normal standards for redressability and immediacy</u>.  When a litigant is vested with a procedural right, that litigant has standing if there is some possibility that the requested relief will prompt the injury-causing party to reconsider the decision that allegedly harmed the litigant.") (emphasis added).

The *Murray* Court noted that the Fourth Circuit has held that "'plaintiffs need not show that the result of the agency's deliberations will be different if the statutory procedure is followed.'" *Id.,* PageID 15341 (quoting *Pye v. United States*, 269 F.3d 459, 472 (4th Cir. 2001), citing *Federal Election Com'n. v. Akins*, 524 U.S. 11, 25 (1998)).

In addition, "'[t]he Supreme Court consistently has held that a plaintiff suffers an Article III injury when he is denied information that must be disclosed pursuant to a statute, notwithstanding '[t]he fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure.'" *Id.* (citing *Pub. Citizen v. U.S. Dep't of Justice,* 491 U.S. 440, 449-50 (1989); *see also Akins,* 524 U.S. at 21-25; *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373-74 (1982)).

Thus, the EPA Defendants' standing arguments are inapposite.

### E. The Parties Have Failed to Demonstrate that Hexion's Intervention Would Unduly Delay or Prejudice Their Rights.

The CIDA Plaintiffs claim that they are "presently prepared to move for entry of [the] two proposed consent decrees".  ECF No. 31 at p. 7.  The EPA Defendants, on the other hand, don't seem so optimistic: "EPA continues to review those comments [on the proposed consent decree] and deliberate on next steps."  ECF No. 32 at p. 8.  Presumably, there will not be any motion for entry until *both* the CIDA Plaintiffs and the EPA Defendants are ready to proceed, which does not appear imminent.

As noted above, the CIDA Plaintiffs' undue delay/prejudice argument is based on a false premise—namely, that Hexion seeks "*to inject issues into this proceeding concerning the <u>substance</u> of the forthcoming formaldehyde risk evaluation* [that] will unduly delay and prejudice the adjudication of Plaintiffs' claims." ECF No. 31 at p. 3 (emphasis added). As addressed in Sec. A above, this is directed at nothing more than a straw man argument, and mischaracterizes Hexion's interest in this proceeding.[3]

Next, the CIDA Plaintiffs speculate that "[r]enegotiating the proposed deadlines could take months". ECF No. 31 at p. 8. It is unclear which "deadlines" the CIDA Plaintiffs are referring to—Hexion is seeking intervention only to oppose the proposed December 31, 2024 deadline for finalization of the TSCA risk evaluation for formaldehyde. But if the Court disapproves the proposed deadline for the formaldehyde risk evaluation, and it takes some period of time to renegotiate that proposed deadline, the additional time could be well-spent by EPA in conducting a full and proper risk evaluation in accordance with TSCA requirements.

### F.  Nor Have the EPA Defendants Established that Hexion's Motion for Intervention was Untimely.

The EPA Defendants allege that Hexion's intervention motion was "untimely," ECF No. 32 at p. 12, an argument not shared by the CIDA Plaintiffs. *See* ECF No. 31.

In support, the EPA Defendants cite the *flexible* standard for timeliness set forth in *Smoke v. Norton*:

> The timeliness of an intervention motion:
>
> > [I]s to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a

---

[3] Likewise, the EPA Defendants speculate that Hexion's "[i]ntervention would needlessly drag out resolution of this case." ECF No. 32 at p. 16.

> means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.
>
> *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (citation omitted).

ECF No. 32 at pp. 12-13.  They suggest that Hexion should have moved for intervention "upon the filing of this suit in September 2023." *Id*. at p. 14.

But Hexion had no way of knowing of the December 31, 2024 deadline in the proposed consent decrees until they were noticed for public comment in the Federal Register the following year, on <u>April 26, 2024</u>.  *See* 89 Fed. Reg. at 32424 (April 26, 2024).  Up to that point, Hexion reasonably presumed that the EPA Defendants were vigorously litigating the CIDA Plaintiffs' claims.  As the EPA Defendants themselves stated: "Had settlement discussions dissolved, EPA would have answered the Complaints, and the parties would be proceeding to summary judgment briefing."  ECF No. 32 at pp. 13-14.  Moreover, a review of this Court's docket indicates that there were absolutely no significant case developments between April 26, 2024 and the date that Hexion's Motion to Intervene was filed on August 30, 2024 (except for the EPA Administrator's two Unopposed Motions for Extensions of Time to File Answers to Both Complaints, ECF Nos. 24 and 25, which were both granted by the Court).

"Consideration of all the circumstances" and the "the purpose for which intervention is sought" requires the Court to take into account the limited purpose of Hexion's requested intervention, which seeks only to oppose the proposed deadline for the TSCA risk evaluation of formaldehyde.

The "time elapsed since the inception of the suit" is not relevant in light of the limited purpose for which Hexion is seeking to intervene.  The proposed consent decree was not disclosed until April 26, 2024, and there have been no significant case developments since that date and the filing of Hexion's Motion to Intervene on August 30, 2024.

The "need for intervention as a means of preserving the applicant's rights" requires the Court to take into account controlling precedent requiring intervention in order for a non-party to oppose a proposed consent decree. *See, e.g., United States v. ABA,* 118 F.3d 776, 783 (D.C. Cir. 1997) ("intervention … [is] a prerequisite for challenging a district court's approval of a consent decree."); *Howard v. McLucas,* 782 F.2d 956, 961 (11th Cir. 1986) ("we conclude the district court abused its discretion in denying the motion to intervene" in order to challenge a proposed consent decree).

Finally, the "probability of prejudice to those already parties in the case" is negligible. The Parties must convince the Court that their proposed consent decrees and deadline are reasonable and appropriate in any event, regardless of whether Hexion is permitted to intervene. Despite the public notice of the proposed consent decrees, they have not yet been lodged with the Court. If allowed to intervene, Hexion would simply file an Opposition to the proposed deadline for the Court's consideration. The EPA Defendants allege that the Parties "would have to brief" Hexion's Opposition, which this Court "would have to consider" and "potentially hold a hearing" (which is up to the Court's discretion), and all this "may delay final implementation of the consent decree." ECF No. 32 at p. 16. This hardly constitutes undue "prejudice" to the Parties.

The EPA Defendants claim that the Parties have "already proposed a settlement." ECF No. 32 at p. 13. This is not so – the Parties have not, in fact, lodged the proposed consent decree with the Court. And it remains uncertain whether the proposed consent decree will in fact be presented to this Court for entry. As the EPA Defendants have stated, "EPA continues to review those comments [on the proposed consent decree] and deliberate on next steps." ECF No. 32 at p. 8.

**G.     Hexion's Intervention Will Bring a Unique Perspective to This Case That Will Significantly Contribute to the Just and Equitable Adjudication of the Legal Question Presented.**

Finally, Hexion's intervention will bring a unique perspective to TSCA risk evaluation deadline, and help avoid the need for a Section 20 action due to EPA's failure to fulfill its non-discretionary procedural duties under TSCA.  This is an interest not shared by the CIDA Plaintiffs or the EPA Defendants.  Thus, Hexion's permissive intervention "will significantly contribute to … the just and equitable adjudication of the legal question presented.'" *Ctr. for Biological Diversity v. United States EPA,* 274 F.R.D. 305, 313 (D. D.C. 2011) (citing *Aristotle Int'l, Inc. v. NGP Software, Inc.,* 714 F. Supp. 2d 1, 18 (D.D.C. 2010)).

Hexion's perspective should be heard by this Court before it imposes a hurried deadline for finalization of the TSCA risk evaluation for formaldehyde upon the Parties.  The Court would benefit from Hexion's unique perspective, which will assist the Court in reaching a "just and equitable adjudication" of the proposed consent decree deadline.

Dated:  September 20, 2024                     Respectfully submitted,

*s/ Vincent Atriano*
Vincent Atriano (Ohio Bar No. 0041084)
*Admitted Pro Hac Vice*
SQUIRE PATTON BOGGS LLP
2000 Huntington Center
410 South High Street
Columbus, Ohio  43215
Tel. (614) 364-2783
vincent.atriano@squirepb.com

Jeremy W. Dutra (Bar No. 488130)
SQUIRE PATTON BOGGS LLP
2550 M Street NW
Washington, D.C.  20037
Tel. 202-626-6000
jeremy.dutra@squirepb.com

*Attorneys for Defendant Intervenor-Movant Hexion Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2024, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

*s/ Vincent Atriano*
*Attorney for Defendant Intervenor-Movant Hexion Inc.*