UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Defendants.* <br><br> AMERICAN CHEMISTRY COUNCIL, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Defendants.* | No. 23-cv-2715 (DLF) |

**ORDER**

Before the Court is Hexion Inc.'s Motion for Leave to Intervene as a Defendant. Dkt. 26. Both the Community In-Power and Development Association, Inc. ("CIDA") plaintiffs and EPA oppose Hexion's intervention in this matter.[1] *See* EPA's Opp'n at 4, Dkt. 32; CIDA Pls.' Opp'n at 3, Dkt. 31. For the reasons that follow, the Court will deny the motion.

---

[1] Plaintiff American Chemistry Council represented to Hexion that it had no position on its motion, *see* Hexion's Mot. at 2, and has not filed an opposition.

The Toxic Substances Control Act ("TSCA") requires EPA to conduct risk evaluations of chemicals in commerce to determine whether they present an unreasonable risk of injury to health or the environment.  15 U.S.C. § 2605(b).  In this consolidated action, the CIDA plaintiffs and American Chemistry Council allege that EPA failed to timely complete risk evaluations for twenty-two chemicals, including formaldehyde.  *See* Complaint, Dkt. 1; Complaint, No. 23-cv-3726, Dkt. 1.  Following extensive negotiations, the parties reached a settlement and proposed two consent decrees setting deadlines for EPA to promulgate its risk evaluations for the chemicals at issue, including a December 31, 2024, deadline for formaldehyde.  *See* 89 Fed. Reg. 32,424 (Apr. 26, 2024).  Hexion, a leading producer of formaldehyde-based products, filed the instant motion for leave to intervene under Rule 24(b) of the Federal Rules of Civil Procedure to challenge the consent decree entered into by EPA and the CIDA plaintiffs.  *See* Hexion's Mot. at 8.  It characterizes the December 31, 2024, deadline for the formaldehyde risk evaluation as rushed, leaving too little time for EPA to remedy perceived inadequacies in its draft risk evaluation and thus comply with its non-discretionary duties under the TSCA.  *See id.*

Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure provides for permissive intervention by a third party who "has a claim or defense that shares with the main action a common question of law or fact."  Fed R. Civ. P. 24(b)(1)(B).  "[T]he putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  The Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and may consider "whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question

presented," *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 313 (D.D.C. 2011) (quoting *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010)). The Court retains "considerable latitude to grant or deny intervention based on the particular circumstances of the case" under Rule 24(b). *Ctr. for Biological Diversity*, 274 F.R.D. at 313.[2]

While the CIDA plaintiffs and EPA contest all three of the three *EEOC* factors, the Court need not consider each because permitting Hexion to intervene would result in undue delay and prejudice for the parties. Intervention also would not contribute to the adjudication of this matter. *See Biden v. IRS*, No. 23-cv-2711 (RC), 2024 WL 4332072, at *13 (D.D.C. Sept. 27, 2024) (denying permissive intervention on the grounds of undue delay and prejudice to the original parties); *Ctr. for Biological Diversity*, 274 F.R.D. at 313–314 (denying permissive intervention on the grounds that movants would not contribute to the adjudication of the questions presented).

---

[2] The Court notes that it is an open question in this Circuit whether Article III standing is required for permissive intervention under Rule 24(b). See *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013); *Mayor and City Council of Baltimore v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 23-cv-3762 (RDM), 2024 WL 3082271, at *7 (D.D.C. June 21, 2024). Because the Court will deny Hexion's motion for permissive intervention on other grounds, *see infra*, it need not resolve this issue. *See Sierra Club v. McCarthy*, 308 F.R.D. 9, 13 n.2 (D.D.C. 2015). It notes, however, that if standing is indeed required for permissive intervention, Hexion likely does not possess it. Courts in this Circuit have uniformly held that "a suit over the timing of an agency determination [has] no effect on the movant's interest in the substance of the determination." *Sierra Club*, 308 F.R.D. at 12 (collecting cases). Here, Hexion seeks to challenge a consent decree that merely sets a deadline for an EPA final risk evaluation. The consent decree does not prescribe the substance of that risk evaluation, nor does it otherwise limit EPA's discretion in conducting the risk evaluation. *See* 89 Fed. Reg. 32,424. Hexion's asserted procedural and informational injuries, *see* Hexion Mot. at 18–19, are too speculative to support Article III standing in this action. *Cf. Env't Defense v. Leavitt*, 329 F. Supp. 2d 55, 69 (D.D.C. 2004) ("The court understands the theoretical possibility that EPA will rush through its work and somehow come up with a rule that harms [the putative intervenor]. But at this point such a possibility is pure speculation.").

3

Intervention would lead to undue delay and prejudice to the parties because they are prepared to enter into two proposed consent decrees that would globally resolve the plaintiffs' claims. *See* EPA's Opp'n at 3. Permitting Hexion to file a motion opposing one of the decrees at this time, less than two months before the contested risk evaluation deadline, would require the parties to expend time and resources briefing the issue and awaiting the Court's decision, potentially delaying final implementation. The Court credits the parties' assertion that "any change to a proposed deadline for a specific chemical could have cascading effects on other deadlines in the proposed consent decrees," requiring renegotiation with the added complexity and uncertainty of an additional party. CIDA Pls.' Opp'n at 8. "[T]he Court is unwilling to put the movant in a position to draw out ongoing settlement negotiations and to further delay resolution of this case." *See Sierra Club*, 308 F.R.D. at 13 (cleaned up)).

Hexion has also not demonstrated that it would significantly contribute to the "just and equitable adjudication of the legal question presented" to justify its intervention. *Ctr. for Biological Diversity*, 274 F.R.D. at 313 (quotation omitted). Hexion does not dispute that EPA failed to complete certain overdue risk evaluations by the statutory deadline imposed by the TSCA—the only legal issue presented in the plaintiffs' complaint. *See generally* Complaint, Dkt. 1; *see* Hexion's Mot. at 6. Instead, Hexion takes issue with the parties' proposed deadline for EPA to issue its risk evaluation for formaldehyde. While Hexion asserts, without substantiation, that it can lend a unique perspective on the proposed consent decree, *see* Hexion Mot. at 20, the Court is not convinced. Hexion's challenge is, in essence, that the December 31 deadline for the formaldehyde risk evaluation fails to provide sufficient time for EPA to address alleged deficiencies in the draft risk assessment, in compliance with its mandatory duties under the TSCA. *See, e.g.*, Hexion Mot. at 11–15. EPA is in the best position to determine whether it

4

can meet deadlines, and Hexion's industry expertise in formaldehyde-based products does not give it any special insight on that question. *See Env't Def. Fund v. Thomas*, No. 85-cv-1747 (TAF), 1985 WL 6050, at *7 (D.D.C. Oct. 29, 1985) ("The new and useful perspectives Applicants might offer arise from their substantial experience and technical expertise as an industry that uses tanks for storing or treating hazardous waste. But these perspectives have no bearing on… how much time EPA needs to promulgate reasonable and valid regulations, a matter in which EPA is probably more expert than Applicants."); *see also Ctr. for Biological Diversity*, 274 F.R.D at 313 (noting that putative intervenors' industry expertise would not contribute to the resolution of the question presented—whether EPA breached an enforceable obligation to respond to plaintiffs' petitions seeking regulation of certain emissions). Additionally, the issues that Hexion seeks to raise primarily relate to the substance of the ultimate risk evaluation, not the propriety of the deadline. *See* Hexion's Mot. at 8 ("Hexion's comments have identified numerous TSA violations and EPA's potential failures to perform non-discretionary duties in the draft risk evaluation of formaldehyde"). Such speculative and premature challenges are potential issues for a future suit. Accordingly, the Court will exercise its discretion to deny Hexion's motion for permissive intervention.

5

## CONCLUSION

For the foregoing reasons, Hexion's Motion to Intervene is **DENIED**.

**SO ORDERED**.

_____
DABNEY L. FRIEDRICH
United States District Judge

November 7, 2024