# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | No. 1:23-cv-02715-DLF<br><br>Hon. Dabney L. Friedrich<br><br>(consolidated with 1:23-cv-03726) |

**JOINT MOTION FOR ENTRY OF CONSENT DECREE**

Plaintiffs Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services (collectively, the "CIDA Plaintiffs") and Defendants United States Environmental Protection Agency and Michael S. Regan, in his official capacity as Administrator of the United States Environmental Protection Agency (collectively, "EPA"), by and through the undersigned counsel, hereby jointly move the Court to enter the attached proposed consent decree. The Court should enter the proposed consent decree because it is fair, reasonable, and in the public interest.

## BACKGROUND

On September 18, 2023, the CIDA Plaintiffs filed this citizen suit under the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2619(a)(2), alleging that EPA violated TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), by failing to perform its non-discretionary duties to timely complete risk evaluations for twenty-two chemicals. *Cmty. In-Power and Dev. Ass'n Inc. et al. v. EPA*, Case No. 1:23-cv-02715 (D.D.C.), ECF No. 1 ("CIDA Complaint").[1]

The CIDA Plaintiffs and EPA (together the "Parties") reached agreement on two proposed consent decrees, which, if entered, would together fully resolve all the claims in the CIDA Complaint. The proposed consent decrees were published on April 26, 2024 for public comment in the Federal Register. *Proposed Consent Decrees, Toxic Substances Control Act Suit*, 89 Fed. Reg. 32,424 (Apr. 26, 2024). The attached proposed consent decree that the

---

[1] This action is consolidated with an action filed by the American Chemistry Council ("ACC") on December 13, 2023, Case No. 1:23-cv-03726, which also alleges that EPA violated TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), by failing to perform its non-discretionary duties to timely complete risk evaluations for di-isodecyl phthalate ("DIDP") and di-isononyl phthalate ("DINP"). ACC's complaint overlaps with claims 21 and 22 of the CIDA Complaint.

2

Parties move to enter in this motion is materially consistent with the proposed consent decree that was published for notice and comment and differs only insofar as it contains a minor modification of one of the proposed deadlines as described below. If entered, the proposed consent decree would resolve claims1 through 20 of the CIDA Complaint.[2]

The comment period closed on May 28, 2024, and EPA received four comments on the proposed consent decree, with adverse comments focusing on the formaldehyde and 1,3-butadiene risk evaluations. EPA and the Department of Justice, after careful deliberation, have determined not to withdraw or withhold consent to the proposed consent decree, as modified. The Parties, therefore, move for entry of the proposed consent decree.

## STANDARD OF REVIEW

"Approval of a settlement is a judicial act that is committed to the informed discretion of the trial court." *United States v. Hyundai Motor Co.*, 77 F. Supp. 3d 197, 199 (D.D.C. 2015) (quoting *United States v. District of Columbia*, 933 F. Supp. 42, 47 (D.D.C. 1996)). "The Court is not to 'substitute its judgment' for that of the parties to the decree and 'may not modify but only approve or reject a consent decree.'" *United States v. Daimler AG*, No. CV 20-2564 (EGS), 2021 WL 878894, at *4 (D.D.C. Mar. 9, 2021) (quoting *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991)).

The court "reviewing a consent decree must 'determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties.'" *Env't Def. v. Leavitt*, 329 F. Supp. 2d 55, 70 (D.D.C. 2004)

---

[2] The other consent decree is between EPA, ACC, and the CIDA Plaintiffs, and proposes deadlines for the completion of risk evaluations for DIDP and DINP. That consent decree would resolve the remaining claims in the CIDA Complaint (claims 21 and 22) and all of the ACC Complaint. The parties are moving by separate motion to enter that consent decree.

(quoting *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (citations omitted).

## ARGUMENT

The proposed consent decree is the result of extensive negotiations between the CIDA Plaintiffs and the United States. The proposed consent decree resolves claims 1 through 20 of the CIDA Complaint, thereby preserving the Parties' and the Court's time and resources. The proposed consent decree is fair, reasonable, consistent with TSCA, and in the public interest. Accordingly, the Court should approve the proposed consent decree.

### I. The proposed consent decree is fair.

The Court should conclude that the proposed consent decree is fair. "Fairness incorporates both procedural and substantive components." *Daimler*, 2021 WL 878894, at *4 (internal citation omitted). "An assessment of procedural fairness involves looking to the negotiating process and attempt[ing] to gauge its candor, openness, and bargaining balance." *Id.* (quoting *District of Columbia*, 933 F. Supp. at 48) (internal quotations omitted)). Substantive fairness incorporates "concepts of corrective justice and accountability." *Id.* (internal quotation omitted).

Here, the proposed consent decree satisfies both elements of fairness. The proposed consent decree is procedurally fair because it arose from extensive negotiations that took place over nearly a year. The Parties were represented by separate counsel and engaged in arms-length, good-faith negotiation to reach the terms included in the proposed consent decree. Moreover, EPA published the proposed consent decree in the Federal Register and took public comment. *See* 89 Fed. Reg. 32,424. EPA gave due consideration to the written comments

before concluding that none raised a basis not to proceed with the proposed consent decree. The proposed consent decree is also substantively fair because it sets deadlines by which EPA will meet its non-discretionary obligations to complete twenty risk evaluations that TSCA requires. The proposed consent decree contains provisions for modification of these deadlines and requires a motion to this Court to make such modifications. The proposed consent decree thus promotes compliance with the law and embodies concepts of corrective justice and accountability.

## II.     The proposed consent decree is reasonable.

The Court should likewise conclude that the proposed consent decree is a reasonable and adequate resolution of claims 1 through 20 of the CIDA Complaint. The Court's role in assessing a consent decree is to determine whether it is "reasonable from an objective point of view," and "not to impose its own judgments as to how it would prosecute and resolve a particular case." *District of Columbia*, 933 F. Supp. at 51. The factors to determine the reasonableness of a consent decree "focus on the extent to which the decree is confined to the dispute between the parties and whether the decree adequately accomplishes its purported goal." *Env't Def.*, 329 F. Supp. 2d at 71 (citing *District of Columbia*, 933 F. Supp. 42 at 50).

The parties concur that the proposed consent decree is reasonable because it solely addresses EPA's nondiscretionary duty to issue risk evaluations under 15 U.S.C. § 2605(b)(4)(G) for the twenty chemicals identified in claims 1 through 20 of the CIDA Plaintiffs' Complaint. The proposed consent decree merely establishes a reasonable schedule for EPA to complete its nondiscretionary duties. Under the proposed consent decree, EPA must transmit notices of availability to the Office of the Federal Register for: draft risk evaluations

5

for at least six of the subject chemicals by no later than December 31, 2024; final risk evaluations for three of the Subject Chemicals by no later than December 31, 2024; one draft risk evaluation by no later than March 31, 2024[3]; final risk evaluations for seven of the remaining subject chemicals by no later than December 31, 2025; and final risk evaluations for the remaining ten subject chemicals by no later than December 31, 2026.  The proposed consent decree does not mandate the content or substance of those evaluations.

EPA has carefully reviewed adverse comments and concluded that it disagrees with those contending that certain proposed deadlines are too compressed.  EPA is in the best position to assess the reasonableness of the deadlines, and EPA has verified that the proposed deadlines are sufficient to issue the risk evaluations.[4]  The Court may not substitute its judgment in place of the agency's, *District of Columbia*, 933 F. Supp. 42 at 51, nor may any potential objectors.  Because the proposed consent decree merely sets deadlines for twenty risk evaluations that EPA is required to issue under TSCA, and EPA has determined those deadlines to be feasible, the proposed consent decree is reasonable.

### III.   The proposed consent decree is consistent with the public interest.

The Court should conclude that the proposed consent decree is in the public interest.  Before approving a consent decree, "a court must satisfy itself of the settlement's overall fairness to beneficiaries and consistency with the public interest." *Daimler*, 2021 WL 878894,

---

[3] The proposed consent decree that was published for notice and comment proposed a December 31, 2024 deadline for seven draft risk evaluations; however, the parties subsequently agreed to an extension for one of those draft risk evaluations.

[4] EPA and the CIDA Plaintiffs are currently discussing the need for additional extensions of specific deadlines and anticipate moving to extend, pursuant to paragraph 3 of the proposed consent decree, those discrete deadlines shortly.  None of those discussions concern deadlines addressed in the public comments on the proposed consent decree, and therefore should not forestall entry of the consent decree.

6

at *6 (internal citation and quotations omitted). "A settlement agreement which seeks to enforce a statute must be consistent with the public objectives sought to be attained by Congress." *Id.* (quoting *Stewart v. Rubin*, 948 F. Supp. 1077, 1087 (D.D.C. 1996)).

The proposed consent decree is consistent with the public interest because it ensures that EPA acts to meet its nondiscretionary duties under TSCA, 15 U.S.C. § 2605(b)(4)(G). The proposed consent decree implements Congress' intent for EPA to complete risk evaluations for substances that have been designated for review under TSCA. Under 15 U.S.C. § 2605(b)(4)(G), the deadline for completion of a risk evaluation is "as soon as practicable" and no later than three years and six months from the date on which the Administrator initiates the evaluation.

The proposed consent decree also conserves judicial resources and protects the public interest by, along with the proposed consent decree for the consolidated case, Case No. 1:23-cv-03726, fully resolving the CIDA Complaint (except for any claims for attorneys' fees) without further litigation. Because the proposed consent decree establishes a deadline that will ensure EPA action under TSCA and resolves claims 1 through 20 of the CIDA Complaint without further protracted litigation, it is consistent with the public interest.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the attached proposed consent decree.

Dated: November 12, 2024

    Respectfully submitted,

    <u>/s/ Lakendra S. Barajas</u>
    Lakendra S. Barajas (D.C. Bar ID NY0556)
    <u>Earthjustice</u>
    48 Wall St., 15th Floor
    New York, NY 10005
    (212) 284-8025
    lbarajas@earthjustice.org

    Katherine K. O'Brien
    (D.C. Bar ID. ME0003)
    Earthjustice
    P.O. Box 2297
    South Portland, ME 04116
    (212) 284-8036
    kobrien@earthjustice.org

    *Counsel for CIDA Plaintiffs*

    <u>*/s/ Sarah Izfar*</u>
    Sarah Izfar
    Senior Trial Attorney (DC Bar #1017796)
    Environmental Defense Section
    United States Department of Justice
    P.O. Box 7611 (regular mail)
    150 M St., NE (overnight)
    Washington, D.C. 20044
    (202) 305-0490
    sarah.izfar@usdoj.gov

    *Counsel for Defendants*