IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Defendants*. | No. 1:23-cv-02715-DLF<br><br>Hon. Dabney L. Friedrich<br><br>(consolidated with 1:23-cv-03726) |

**CONSENT DECREE REGARDING HIGH-PRIORITY CHEMICAL RISK EVALUATION DEADLINES**

WHEREAS, sections 6(a) and (b) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2605(a)–(b), require the U.S. Environmental Protection Agency ("EPA") to comprehensively evaluate risks posed by chemical substances to determine whether they present an unreasonable risk to health or the environment, and promulgate rules that restrict these substances to the extent necessary so that they no longer present such unreasonable risks;

WHEREAS, on December 20, 2019, EPA designated twenty chemical substances (the "Subject Chemicals") as "high-priority" and initiated risk evaluations for those chemicals under TSCA. The Subject Chemicals are: (1) 1,3-butadiene; (2) butyl benzyl phthalate; (3) dibutyl phthalate; (4) o-dichlorobenzene; (5) p-dichlorobenzene; (6) 1,1-dichloroethane; (7) 1,2-dichloroethane; (8) trans-1,2-dichloroethylene; (9) 1,2-dichloropropane; (10) dicyclohexyl phthalate; (11) di-ethylhexyl phthalate; (12) di-isobutyl phthalate; (13) ethylene dibromide; (14) formaldehyde; (15) 1,3,4,6,7,8-hexahydro-4,6,6,7,8,8-hexamethylcyclopenta[g]-2-benzopyran

1

(HHCB); (16) 4,4'-(1-methylethylidene)bis[2,6- dibromophenol (TBBPA); (17) phosphoric acid, triphenyl ester (TPP); (18) phthalic anhydride; (19) 1,1,2-trichloroethane; and (20) tris(2-chloroethyl) phosphate (TCEP). *See* High-Priority Substance Designations Under the Toxic Substances Control Act (TSCA) and Initiation of Risk Evaluation on High-Priority Substances; Notice of Availability, 84 Fed. Reg. 71,924, 71,934 (Dec. 30, 2019);

WHEREAS, under TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), EPA must complete a risk evaluation no later than three years from the date of initiation and may extend this deadline for not more than six months;

WHEREAS, to date, EPA has not completed the final risk evaluations for the Subject Chemicals;

WHEREAS, TSCA section 20, 15 U.S.C. § 2619(a)(2), provides that any person may commence a civil action against the Administrator "to compel [him] to perform any act or duty under this Chapter which is not discretionary";

WHEREAS, suits under 15 U.S.C. § 2619(a)(2) may be brought in this Court or in the district court where the plaintiff is domiciled and may be filed 60 days after the plaintiff has "given notice to the Administrator of the alleged failure of the Administrator to perform an act or duty which is the basis for such action" 15 U.S.C. § 2619(b);

WHEREAS, after providing notice to the Administrator on July 10, 2023, Plaintiffs Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services (collectively, "CIDA Plaintiffs") filed an action in this Court pursuant to section 20(a)(2) of TSCA on September 18, 2023 in *Community In-Power and Development Association Inc. v. EPA*, Case No. 1:23-cv-02715 (D.D.C.) (the "CIDA action");

WHEREAS, the CIDA action contains 22 claims, and Claims 1 through 20 allege that Defendants, EPA and Michael S. Regan, in his official capacity as EPA Administrator (collectively, "EPA"), failed to perform non-discretionary duties under 15 U.S.C. § 2605(b)(4)(G), to timely complete risk evaluations for the Subject Chemicals;

WHEREAS, Claims 21 and 22 of the CIDA action allege that EPA failed to perform non-discretionary duties under 15 U.S.C. § 2605(b)(4)(G) to timely complete risk evaluations for two other chemicals, di-isodecyl phthalate (DIDP) and di-isononyl phthalate (DINP);

WHEREAS, the American Chemistry Council ("ACC") also filed an action in this Court pursuant to section 20(a)(2) of TSCA on December 19, 2023 in *ACC v. EPA*, Case No. 1:23-cv-03726 (D.D.C.), alleging that EPA failed to perform non-discretionary duties under 15 U.S.C. § 2605(b)(4)(G), to timely complete risk evaluations for DIDP and DINP;

WHEREAS, EPA moved to consolidate the two actions, which this Court granted on January 17, 2024;

WHEREAS, this Court has jurisdiction over the consolidated actions pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2619(a)(2);

WHEREAS, CIDA Plaintiffs and EPA (collectively, "the Parties" and each individually a "Party") wish to settle Claims 1 through 20 of the CIDA action by establishing enforceable deadlines for the Subject Chemical risk evaluations as set forth below (the "CIDA Consent Decree");

WHEREAS, CIDA Plaintiffs, ACC, and EPA are together entering into a separate consent decree that fully resolves CIDA Plaintiffs' Claims 21 and 22 and ACC's claims in the consolidated case, which allege the same violations of nondiscretionary duties under TSCA, (the "ACC/CIDA Consent Decree");

WHEREAS, the Parties agree that it is in their interests to settle Claims 1 through 20 of the CIDA action, without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of Claims 1 through 20 in the CIDA action;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with TSCA, 15 U.S.C. §§ 2601–2697;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. EPA shall complete its risk evaluations for the Subject Chemicals, in accordance with the following schedule:

    a. EPA shall transmit to the Office of the Federal Register notices of availability of draft risk evaluations for at least six of the Subject Chemicals, which shall include a draft risk evaluation for 1,3-butadiene, by no later than December 31, 2024;

    b. EPA shall transmit to the Office of Federal Register notices of availability of final risk evaluations for three of the Subject Chemicals, identified as (1) TCEP, (2) formaldehyde, and (3) 1,1-dichloroethane, by no later than December 31, 2024;

    c. EPA shall transmit to the Office of the Federal Register a notice of availability of draft risk evaluation for at least one of the Subject Chemicals by no later than March 31, 2025;

   d.  EPA shall transmit to the Office of Federal Register notices of availability of final risk evaluations for seven of the remaining Subject Chemicals, one of which shall be 1,3-butadiene, by no later than December 31, 2025;

   e.  EPA shall transmit to the Office of Federal Register notices of availability of final risk evaluations for the remaining ten Subject Chemicals by no later than December 31, 2026.

2. In accordance with the Court's Standard Order for Civil Cases, ECF No. 8, and except as provided in Paragraph 12 below, extension of a deadline set forth herein may be effectuated only by the Court following motion of any Party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure and Local Rules, and upon consideration of any response by the non-moving Party.

3. If EPA anticipates that it is reasonably likely to fail to meet any deadline set forth herein for any reason other than for a lapse of appropriations, which shall automatically extend deadlines as set forth in Paragraph 12 below, EPA shall contact Plaintiffs and the Parties shall confer about the reason for the delay and the terms of a possible joint motion to extend the deadline.

4. If the Parties are unable to reach agreement on a joint motion, EPA shall file a motion to extend a deadline set forth herein, after concluding that a deadline extension is necessary.

5. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

6. The deadline for filing a motion for costs of litigation, including attorneys' fees, incurred prior to entry of this Consent Decree is hereby extended until sixty (60) days

after the entry of this Consent Decree by this Court. During this time, the Parties shall seek to resolve informally any claim for costs of litigation, including attorneys' fees, and if they cannot, will submit that issue to this Court for resolution. The United States does not waive or limit any defenses it may have to such claim. This Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorneys' fees.

7. The Parties agree that this Consent Decree constitutes a complete and final settlement of Claims 1 through 20 of the CIDA action, *Community In-Power and Development Association Inc. v. Regan et al.*, Civil Case No. 1:23-cv-02715 (D.D.C.), except as provided in Paragraph 6 of this Consent Decree. Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

8. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by TSCA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including discretion to alter, amend, or revise any final action contemplated by this Consent Decree. EPA's obligation to perform the actions specified in Paragraph 1 of this Consent Decree by the deadlines specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any final action EPA may take with respect to the risk evaluations of the Subject Chemicals.

10. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree.

      Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to TSCA section 19, 15 U.S.C. § 2618. Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under TSCA section 19, 15 U.S.C. § 2618, or any other provision of law.

11. The obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds and fees furnished in accordance with 15 U.S.C. § 2625(b). No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12. If a lapse in EPA appropriations occurs prior to the deadlines in Paragraph 1, the deadlines in Paragraph 1 shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraphs 2–4.

13. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Parties with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within twenty (20) business days after receipt of the notice or such other time as the parties may agree to, any Party may move the Court to resolve the dispute.

14. No motion or other proceeding seeking to enforce this Consent Decree or for contempt

of Court shall be filed except pursuant to the procedure set forth in Paragraph 13.

15. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the consolidated actions, at a future date):

>For CIDA Plaintiffs:
>
>Lakendra Barajas
>lbarajas@earthjustice.org
>
>Katherine O'Brien
>kobrien@earthjustice.org
>
>
>For EPA:
>
>Susanna W. Blair, PhD
>Special Assistant
>Office of Pollution Prevention and Toxics
>William Jefferson Clinton Building - East, MC7401M
>Washington DC 20460
>202.564.4371 (office) | 202.322.0538 (cell) |
>Blair.susanna@epa.gov
>
>Sarah Izfar
>United States Department of Justice
>Environment and Natural Resources Division
>Environmental Defense Section
>P.O. Box 7611
>Washington, D.C. 20044
>Tel: (202) 305-0490
>sarah.izfar@usdoj.gov

16. The Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation (including attorneys' fees).

17. After EPA has completed all actions set forth in Paragraph 1 of this Consent Decree, and the parties have resolved the issue of costs of litigation (including attorneys' fees), EPA may move to have this Consent Decree terminated. Plaintiffs shall have twenty (20) days

in which to respond to the motion.

18. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting Party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party, and the terms of this Consent Decree may not be used as evidence in any litigation between the Parties.

20. The undersigned representative of each Party certifies that he or she is fully authorized to bind that Party to the terms of this Consent Decree.

SO ORDERED on November 22, 2024.

_____
Dabney L. Friedrich
United States District Judge

FOR CIDA PLAINTIFFS

/s/ Lakendra S. Barajas
Lakendra S. Barajas (D.C. Bar ID NY0556)
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005
(212) 284-8025
lbarajas@earthjustice.org

                    Katherine K. O'Brien (D.C. Bar ID. ME0003)
Earthjustice
P.O. Box 2297
South Portland, ME 04116
(212) 284-8036
kobrien@earthjustice.org

*Counsel for CIDA Plaintiffs*

DATED: November 12, 2024

FOR DEFENDANTS

      /s/ Sarah Izfar
Sarah Izfar
Trial Attorney (DC Bar No. 1017796)
United States Department of Justice
Environmental Defense Section
P.O. Box 7611 (regular mail)
150 M St., NE (overnight)
Washington, D.C. 20044
sarah.izfar@usdoj.gov
(202) 305-0490

*Counsel for Defendants*

DATED: November 12, 2024