IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>*Defendants*. | No. 1:23-cv-02715-DLF<br><br>Hon. Dabney L. Friedrich<br><br>(consolidated with 1:23-cv-03726) |

**CONSENT DECREE REGARDING MANUFACTURER-REQUESTED RISK EVALUATION DEADLINES**

WHEREAS, sections 6(a) and (b) of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2605(a)–(b), require the U.S. Environmental Protection Agency ("EPA") to comprehensively evaluate risks posed by chemical substances to determine whether they present an unreasonable risk to health or the environment, and promulgate rules that restrict these substances to the extent necessary so that they no longer present such unreasonable risks;

WHEREAS, on May 24, 2019, ExxonMobil Chemical Company, through the American Chemistry Council's ("ACC") High Phthalates Panel, requested that EPA conduct a risk evaluation of di-isodecyl phthalate ("DIDP"), pursuant to 15 U.S.C. § 2605(b)(4)(C)(ii), which EPA granted on December 2, 2019, and initiated the risk evaluation process for DIDP on January 2, 2020;

WHEREAS, on May 24, 2019, ExxonMobil Chemical Company, Evonik Corporation, and Teknor Apex, through ACC's High Phthalates Panel, requested that EPA conduct a risk

1

evaluation of di-isononyl phthalate ("DINP"), which EPA granted on December 2, 2019, and initiated the risk evaluation process for DINP on January 2, 2020;

WHEREAS, ACC has furnished fees for the requested DIDP and DINP risk evaluations in accordance with 15 U.S.C. § 2625(b);

WHEREAS, under TSCA section 6(b)(4)(G), 15 U.S.C. § 2605(b)(4)(G), EPA must complete a risk evaluation no later than three years from the date of initiation and may extend this deadline for not more than six months;

WHEREAS, to date, EPA has not completed the final risk evaluations for DIDP and DINP;

WHEREAS, TSCA section 20, 15 U.S.C. § 2619(a)(2), provides that any person may commence a civil action against the Administrator "to compel [him] to perform any act or duty under this Chapter which is not discretionary";

WHEREAS, suits under 15 U.S.C. § 2619(a)(2) may be brought in this Court or in the district court where the plaintiff is domiciled and may be filed 60 days after the plaintiff has "given notice to the Administrator of the alleged failure of the Administrator to perform an act or duty which is the basis for such action," 15 U.S.C. § 2619(b)(1);

WHEREAS, after providing notice to the Administrator on July 10, 2023, Community In-Power and Development Association Inc., Learning Disabilities Association of America, Louisiana Environmental Action Network, Sierra Club, and Texas Environmental Justice Advocacy Services (collectively, "CIDA Plaintiffs") filed an action in this Court pursuant to section 20(a)(2) of TSCA on September 18, 2023 in *Community In-Power and Development Association Inc. v. EPA*, Case No. 1:23-cv-02715 (D.D.C.) (the "CIDA action");

WHEREAS, CIDA Plaintiffs' complaint alleges that Defendants, EPA and Michael S.

Regan, in his official capacity as EPA Administrator (collectively, "EPA"), failed to perform non-discretionary duties under 15 U.S.C. § 2605(b)(4)(G), to timely complete risk evaluations for twenty-two chemicals, including DIDP and DINP;

WHEREAS, after providing notice to the Administrator on September 19, 2023, ACC also filed an action in this Court pursuant to section 20(a)(2) of TSCA on December 19, 2023 in *ACC v. EPA*, Case No. 1:23-cv-03726 (D.D.C.) (the "ACC action");

WHEREAS, ACC's complaint alleges that EPA failed to perform non-discretionary duties under 15 U.S.C. § 2605(b)(4)(G), to timely complete risk evaluations for DIDP and DINP;

WHEREAS, the claims in ACC's complaint overlap with Claims 21 and 22 of CIDA Plaintiffs' Complaint, which address the same risk evaluations for DIDP and DINP;

WHEREAS, EPA moved to consolidate the two actions, which this Court granted on January 17, 2024;

WHEREAS, this Court has jurisdiction over the consolidated actions pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2619(a)(2);

WHEREAS, CIDA Plaintiffs and ACC (collectively, "Plaintiffs"), and EPA (collectively, with Plaintiffs, "the Parties" and each individually a "Party") wish to settle Claims 21 and 22 of the CIDA action and the totality of the ACC Action by establishing enforceable deadlines for the DIDP and DINP risk evaluations as set forth below (the "ACC/CIDA Consent Decree");

WHEREAS, CIDA Plaintiffs and EPA are together entering into a separate consent decree that fully resolves CIDA Plaintiffs' Claims 1 through 20 (the "CIDA Consent Decree");

WHEREAS, the Parties agree that it is in their interests to settle Claims 21 and 22 in the

CIDA action and all claims in the ACC action, without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of Claims 21 and 22 of the CIDA action and all claims in the ACC action;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with TSCA, 15 U.S.C. §§ 2601–2697;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. EPA shall (a) transmit a notice of availability of final risk evaluation for DIDP to the Office of the Federal Register by no later than December 31, 2024; and (b) transmit a notice of availability of final risk evaluation for DINP to the Office of the Federal Register by no later than January 15, 2025;

2. In accordance with the Court's Standard Order for Civil Cases, ECF No. 8, and except as provided in Paragraph 12 below, extension of a deadline set forth herein may be effectuated only by the Court following motion of any Party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure and Local Rules, and upon consideration of any response by the non-moving Party.

3. If EPA anticipates that it is reasonably likely to fail to meet any deadline set forth herein for any reason other than for a lapse of appropriations, which shall automatically extend deadlines as set forth in Paragraph 12 below, EPA shall contact Plaintiffs and the Parties shall confer about the reason for the delay and the terms of a possible joint motion to extend the deadline.

4. If the Parties are unable to reach agreement on a joint motion, EPA shall file a motion to extend a deadline set forth herein, as soon as possible after concluding that a deadline extension is necessary.

5. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

6. The deadline for filing a motion for costs of litigation, including attorneys' fees, incurred prior to entry of this Consent Decree is hereby extended until sixty (60) days after the entry of this Consent Decree by this Court. During this time, the Parties shall seek to resolve informally any claim for costs of litigation, including attorneys' fees, and if they cannot, will submit that issue to this Court for resolution. The United States does not waive or limit any defenses it may have to such claim. This Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorneys' fees.

7. The Parties agree that this Consent Decree constitutes a complete and final settlement, under any provision of law, of all claims that the ACC Plaintiffs have asserted against the United States, including EPA, in connection with the ACC action, *ACC v. EPA*, Civil Case No. 1:23-cv-03726 (D.D.C.), except as provided in Paragraph 6 of this Consent Decree. The Parties further agree that this Consent Decree constitutes a complete and final settlement, under any provision of law, of Claims 21 and 22 that the CIDA Plaintiffs have asserted against the United States, including EPA, in connection with the CIDA action, *Community In-Power and Development Association Inc. v. Regan et al.*, Civil Case No. 1:23-cv-02715 (D.D.C.). All Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

8. Nothing in this Consent Decree shall be construed to limit or modify any discretion

accorded to EPA by TSCA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including discretion to alter, amend, or revise any final action contemplated by this Consent Decree. EPA's obligation to perform the actions specified in Paragraph 1 of this Consent Decree by the deadlines specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any final action EPA may take with respect to the risk evaluations for DIDP and DINP.

10. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to TSCA section 19, 15 U.S.C. § 2618. Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under TSCA section 19, 15 U.S.C. § 2618, or any other provision of law.

11. The obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds and fees furnished in accordance with 15 U.S.C. § 2625(b). No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

12. If a lapse in EPA appropriations occurs prior to the deadlines in Paragraph 1, the deadlines in Paragraph 1 shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraphs 2–4.

13. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Parties with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within twenty (20) business days after receipt of the notice or such other time as the parties may agree to, any Party may move the Court to resolve the dispute.

14. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be filed except pursuant to the procedure set forth in Paragraph 13.

15. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail, and sent to the following (or to any new address of counsel as filed and listed in the docket of the consolidated actions, at a future date):

    For CIDA Plaintiffs:

    Lakendra Barajas
    lbarajas@earthjustice.org

    Katherine O'Brien
    kobrien@earthjustice.org


    For ACC:

    Byron Brown
    Assistant General Counsel
    American Chemistry Council

       700 2nd Street, NE
       Washington, DC 20002
       Byron_Brown@americanchemistry.com

       For EPA:

       Susanna W. Blair, PhD
       Special Assistant
       Office of Pollution Prevention and Toxics
       William Jefferson Clinton Building - East, MC7401M
       Washington DC 20460
       202.564.4371 (office) | 202.322.0538 (cell) |
       Blair.susanna@epa.gov

       Sarah Izfar
       United States Department of Justice
       Environment and Natural Resources Division
       Environmental Defense Section
       P.O. Box 7611
       Washington, D.C. 20044
       Tel: (202) 305-0490
       sarah.izfar@usdoj.gov

16. The Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation (including attorneys' fees).

17. After EPA has completed all actions set forth in Paragraph 1 of this Consent Decree, and the parties have resolved the issue of costs of litigation (including attorneys' fees), EPA may move to have this Consent Decree terminated. Plaintiffs shall have twenty (20) days in which to respond to the motion.

18. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting Party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party, and the terms of

this Consent Decree may not be used as evidence in any litigation between the parties.

20. The undersigned representative of each Party certifies that he or she is fully authorized to bind that Party to the terms of this Consent Decree.

SO ORDERED on November 22, 2024.

/s/ Dabney L. Friedrich
Dabney L. Friedrich
United States District Judge

FOR CIDA PLAINTIFFS

/s/ Lakendra S. Barajas
Lakendra S. Barajas (D.C. Bar ID NY0556)
Earthjustice
48 Wall St., 15th Floor
New York, NY 10005
(212) 284-8025
lbarajas@earthjustice.org

Katherine K. O'Brien (D.C. Bar ID ME0003)
Earthjustice
P.O. Box 2297
South Portland, ME 04116
(212) 284-8036
kobrien@earthjustice.org

*Counsel for CIDA Plaintiffs*

DATED: November 12, 2024

FOR PLAINTIFF AMERICAN CHEMISTRY COUNCIL

/s/ Byron Brown
Byron Brown (D.C. Bar ID 1632716)
Assistant General Counsel
American Chemistry Council
700 2nd Street, NE
Washington, DC 20002
Byron_Brown@americanchemistry.com

DATED: November 12, 2024

FOR DEFENDANTS

        ___*/s/ Sarah Izfar*_____
        Sarah Izfar
        Trial Attorney (DC Bar No. 1017796)
        United States Department of Justice
        Environmental Defense Section
        P.O. Box 7611 (regular mail)
        150 M St., NE (overnight)
        Washington, D.C. 20044
        sarah.izfar@usdoj.gov
        (202) 305-0490

        *Counsel for Defendants*

DATED: November 12, 2024