IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMUNITY IN-POWER AND DEVELOPMENT ASSOCIATION INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | No. 1:23-cv-2715-DLF <br><br> Hon. Dabney L. Friedrich <br><br> (consolidated with 1:23-cv-03726) |

**DEFENDANTS' UNOPPOSED MOTION TO EXTEND
CONSENT DECREE DEADLINE**

Pursuant to Rule 60 of the Federal Rules of Civil Procedure and the Consent Decree Regarding High-Priority Chemical Risk Evaluation Deadlines ("Consent Decree" or "Decree"), which the Court entered on November 22, 2024 (ECF No. 39), Defendants U.S. Environmental Protection Agency and Lee Zeldin, Administrator of the EPA, in his official capacity ("Defendants" or "EPA"), respectfully request that the Court extend the December 31, 2025 Consent Decree deadline with respect to one chemical, 1,2-dichloroethane ("1,2-DCA"). EPA seeks this relief because its preparation of the draft risk evaluation for 1,2-DCA was delayed by the Agency's efforts to complete the final risk evaluation for a related chemical, and because the risk evaluation for 1,2-DCA has required novel consideration of chemical byproducts. As set forth in the attached proposed order, Defendants seek to extend by 120 days the deadline for the final risk evaluation for 1,2-DCA, such that EPA will transmit the notice of availability to the Office of the Federal Register for the final risk evaluation for 1,2-DCA by no later than April 30, 2026.

1

Pursuant to LCvR 7(m) and Paragraph 3 of the Consent Decree, Defendants have conferred with counsel for the Community In-Power and Development Association, Inc. ("CIDA") Plaintiffs, and the CIDA Plaintiffs do not oppose this motion.

Defendants also note that, due to the lapse in appropriations, the remaining deadlines in the Decree have been automatically extended 43 days by operation of paragraph 12 of the Decree. Because EPA is still on track to complete the remaining six final risk evaluations currently due by December 31, 2025, we anticipate that the effect of the automatic extension will be limited to the Decree's original December 31, 2026 deadline to complete ten additional final risk evaluations. Under the automatic extension, that deadline is now February 12, 2027.

## BACKGROUND

On September 18, 2023, the CIDA Plaintiffs filed this citizen suit under the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2619(a)(2), alleging that EPA violated the TSCA, 15 U.S.C. § 2605(b)(4)(G), by failing to perform its non-discretionary duty to complete timely risk evaluations for twenty-two chemicals. ECF No. 1 ("CIDA Complaint"). The CIDA Plaintiffs and EPA reached agreement on two proposed consent decrees, which fully resolved the claims in the CIDA Complaint.[1] The Court entered the Consent Decree at issue here on November 22, 2024 (ECF No. 39). Since that time, the Court has extended three deadlines in that Consent Decree: (1) the deadline for one draft risk evaluation originally due December 31, 2024, was extended to March 31, 2025 (ECF No. 41), and subsequently to May 30, 2025 (ECF No. 44); (2) the deadline for another draft risk evaluation that was originally due March 31,

---

[1] The Court consolidated this case with another filed by the American Chemistry Council that alleged that EPA failed to timely complete risk evaluations for two additional chemicals. *Am. Chemistry Council v. EPA*, No. 23-3726 (D.D.C. Dec. 19, 2023). The claims brought by the American Chemical Council were resolved in a separate consent decree. *See* Joint Mot. for Order to Enter Consent Decree, *Am. Chemistry Council v. EPA*, No. 23-3726 (D.D.C. Nov. 12, 2024), ECF No. 11.

2

2025, was extended to May 30, 2025 (ECF No. 44); and (3) the final risk evaluation for 1,1-dichloroethane ("1,1-DCA") that was originally due December 31, 2024, was extended to April 18, 2025 (ECF No. 41), and subsequently to June 17, 2025 (ECF No. 44). With the extensions, EPA met all of those deadlines.

EPA's remaining obligations under Paragraph 1 of the Consent Decree are to transmit notices of availability to the Office of the Federal Register for: (1) final risk evaluations for seven of the remaining subject chemicals by no later than December 31, 2025; and (2) the final risk evaluations for the ten remaining subject chemicals by no later than December 31, 2026. Consent Decree ¶¶ 1.d & 1.e, ECF No. 39; *see also* ECF No. 41 (extending two deadlines); ECF No. 44 (further extending those deadlines and also extending a third deadline). EPA has published draft risk evaluations for six of the seven chemicals for which the final risk evaluations must be submitted to the Federal Register by December 31, 2025. Declaration of Nancy Beck ("Beck Decl.") ¶ 6. Notice of the *draft* risk evaluation for 1,2-DCA, the seventh chemical, appeared in the Federal Register on November 19, 2025. *Id.* ¶ 8.

At the end of the day on September 30, 2025, the main appropriations act that had been funding the federal government, including EPA, expired and those appropriations lapsed. *Id.* ¶ 28. EPA's work on the 1,2-dichloroethane risk evaluation continued to be supported by carryover funding until November 13, 2025. *Id.* ¶ 29. Appropriations to EPA and other agencies resumed on November 13, 2025. *Id.* ¶ 30.

## STANDARD OF REVIEW

Paragraph 2 of the Consent Decree permits extensions of its deadlines by motion. In addition, Federal Rule of Civil Procedure 60(b)(6) authorizes a court to relieve a party from a court's order or judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

3

Although such relief "should be only sparingly used," *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007), courts have discretion to balance the "sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home, Inc. v. Harris*, 636 F. 2d 572, 577 (D.C. Cir. 1980) (citations omitted). The decision to "grant or deny a [R]ule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 276 (D.C. Cir. 1993); *see also Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987); *Bain v. MJJ Prods., Inc.*, 751 F.3d 642, 646 (D.C. Cir. 2014) (noting that district courts enjoy "a large measure of discretion" in deciding Rule 60(b) motions); 11 Wright & Miller's Federal Practice & Procedure § 2857 (3d. ed. 2012).

Paragraph 12 of the Consent Decree addresses lapses in EPA's appropriations and provides that deadlines "shall be extended automatically one day for each day of the lapse in appropriations." The Decree's automatic extension for a lapse in appropriations is not exclusive of other requests for an extension. Instead, Paragraph 12 provides that: "Nothing in this Paragraph shall preclude EPA [from] seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraphs 2-4." Consent Decree ¶ 12, ECF No. 39.

**ARGUMENT**

The Court should grant EPA's motion to extend the deadline to complete the final risk evaluation for 1,2-DCA because the Agency has good cause and compelling reasons for a short, time-limited extension for this one chemical. EPA has been diligently working to meet the deadlines in the Decree. Beck Decl. ¶¶ 5-9, 27. Nevertheless, two factors delayed EPA's ability to meet the December 31, 2025 deadline for 1,2-DCA.

First, because there are efficiencies to be gained by having the same staff assess chemicals that share physical and chemical properties, the same branch that EPA assigned to work on 1,1-DCA is also assigned to work on 1,2-DCA. *Id.* ¶ 13. The deadline to complete the final risk evaluation for 1,1-DCA was extended by 60 days to June 17, 2025. ECF No. 44. Although EPA met that deadline, the extra time required for 1,1-DCA delayed some of the work on the draft 1,2-DCA risk evaluation. *See* Beck Decl. ¶¶ 16-17 (noting that certain staff could only turn back to 1,2-DCA after completing the 1,1-DCA risk evaluation in June).

Second, as EPA promised in the 2019 scoping document for 1,2-DCA, the Agency included, for the first time ever as part of a TSCA risk evaluation, an assessment of five of the byproducts formed in the manufacture of 1,2-DCA.[2] *Id.* ¶¶ 18-19. The assessment of byproducts from the manufacture of 1,2-DCA provides a more complete picture of the risks associated with this chemical but also required more time for the team to consider the additional information associated with byproducts and to work through a process that is new to the Agency. *Id*. Notice of the draft risk evaluation for 1,2-DCA appeared in the Federal Register on November 19, 2025. *Id*. ¶ 21.

The TSCA implementing regulations require that the public have 60 days to provide comment after a draft risk evaluation appears in the Federal Register. *See id.* (citing 40 C.F.R. § 702.43(c)). Because there were fewer than 60 days left in 2025 after publication, it was no longer possible for EPA to complete the required comment period for the draft 1,2-DCA risk evaluation this year. *Id*. ¶¶ 21, 26. In addition, EPA must review and evaluate any comments it receives, which includes analyzing any research or data submitted by the public; and Agency

---

[2] The draft risk evaluation for 1,2-DCA did not include an assessment of two additional byproducts that are themselves subject to Paragraph 1.e of the Consent Decree because EPA will assess the risk for those chemicals in their respective risk evaluations.

5

staff must discuss options for the final risk evaluation with EPA leadership, draft the final risk evaluation and response to public comments, and submit the evaluation for final internal review. *Id*. ¶¶ 22-24.  Moreover, EPA cannot meet the end-of-year deadline by substituting a final risk evaluation for another chemical subject to the Decree, because the risk evaluations for other subject chemicals are still farther from being completed.  *See id*. ¶ 26.  Although the Court has broad discretion in entering consent decrees and setting deadlines, "sound discretion" should not require a party "to do an impossibility." *Nat. Res. Def. Council v. Train*, 510 F.2d 692, 713 (D.C. Cir. 1974) (citing *Maggio v. Zeitz*, 333 U.S. 56, 59 (1948)).  Thus, the Court should exercise its discretion and grant EPA an extension of the deadline.  Based on its experience with previous risk evaluations, EPA has determined that it requires a 120-day extension of that deadline, until April 30, 2026, to complete the 1,2-DCA risk evaluation.[3]  Beck Decl. ¶ 27.

      EPA's proposed extension is "fair, adequate, reasonable and appropriate under the particular facts[.]"  *Env't Def. v. Leavitt*, 329 F. Supp. 2d 55, 70 (D.D.C. 2004) (citations omitted).  The Court previously entered the Consent Decree and EPA now seeks a time-limited extension of one of the 27 deadlines established by the Consent Decree (for 20 final risk evaluations and seven draft risk evaluations, only three of which have been previously extended).  The time-limited extension here is warranted because the overlapping responsibilities of EPA staff under this Consent Decree, Beck Decl. ¶¶ 16-17, and the beneficial but time-consuming evaluation of manufactured byproducts have made compliance with the December 31, 2025 deadline impossible, *id*. ¶¶ 18-19.  *See also Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992); Beck Decl. ¶ 26 (explaining that EPA cannot substitute another subject chemical for 1,2-DCA to meet the end-of-year deadline).  Because there is good cause

---

[3] Consistent with its prior filings, *see* ECF No. 44 at 4 n.1, EPA reserves the right to seek additional extensions at a later date.

for the extension, and given that Plaintiffs do not oppose it, the Court should exercise its discretion to modify the Consent Decree. *See New York v. Microsoft Corp.*, 531 F. Supp. 2d 141, 180 (D.D.C. 2008) ("[P]arties who negotiate consent decrees do so with the knowledge that 'the prospective effect of such a judgment or decree will be open to modification where deemed equitable under Rule 60(b).'" (quoting *Rufo*, 502 U.S. at 383)).

Separately, EPA notes that, pursuant to Paragraph 12 of the Consent Decree, all Decree deadlines were automatically extended by 43 days, the length of time between when federal appropriations lapsed on October 1, 2025, and were restored on November 13, 2025. Beck Decl. ¶¶ 28-30. The automatic extension applies to both the December 31, 2025 deadline to finalize risk evaluations for seven subject chemicals (new deadline: February 12, 2026) as well as to the December 31, 2026 deadline to finalize risk evaluations for the remaining ten subject chemicals (new deadline: February 12, 2027). *See id*. ¶¶ 30, 32. However, although both remaining Consent Decree deadlines have been automatically extended, EPA is nevertheless on track to meet the original December 31, 2025 deadline with respect to the remaining chemicals other than 1,2-DCA. *Id*. ¶¶ 31, 33.

WHEREFORE, the Court should grant Defendants' motion to extend the December 31, 2025 deadline in the Consent Decree for 1,2-DCA by 120 days such that EPA shall transmit notices of availability for the final 1,2-DCA risk evaluation to the Office of the Federal Register by no later than April 30, 2026. A proposed order is attached.

Respectfully submitted,

Dated: December 8, 2025

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*/s/ Christine Ennis*
Christine W. Ennis
D.C. Bar No. 977444

|  |  |
|---|---|
| Stephanie Schwarz<br>Lauren Gates<br>U.S. Environmental Protection Agency<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>*Of Counsel* | U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 598-7342<br>christine.ennis@usdoj.gov<br><br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

I certify that on December 8, 2025, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Christine Ennis*
Christine W. Ennis
